UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NOUVEAU ELEVATOR INDUSTRIES,       :
INC.                               :
                                   :   Docket No.:  05 CV 813 (NG)
                    Plaintiff,     :
                                   :
       -against-                   :   Hon. Joseph F. Bianco, U.S.D.J.
                                   :
CONTINENTAL CASUALTY INSURANCE:
COMPANY a/k/a CNA,                 :
                                   :
                    Defendant.     :
------------------------------------------------------------x

# PLAINTIFF NOUVEAU'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER/REARGUE

Salon Marrow Dyckman Newman & Broudy, LLP
Attorneys for Defendant
292 Madison Avenue
New York, New York 10017
(212) 661-7100

Plaintiff Nouveau Elevator Industries, Inc. ("Plaintiff" or "Nouveau"), submits this Memorandum of Law in opposition to Defendant to Defendant Continental Casualty Insurance Company's ("Defendant" or "CNA") motion to reconsider/reargue the Court's Memorandum and Order, dated June 21, 2006 ("Memorandum and Order").

## PRELIMINARY STATEMENT

The Court must deny Defendant CNA's motion because: (1) CNA fails to raise any new fact or relevant authority which the Court overlooked; (2) the ambiguous notice provision in the subject policy required Plaintiff Nouveau to give Defendant CNA notice of a claim or suit of which it had <u>actual</u>, not constructive notice; (3) pursuant to the statutory scheme enacted by the New York State Legislature and long-settled caselaw, service upon the Secretary of State constitutes constructive and not actual notice; (4) there is not a single reported case that holds that, in the absence of specific language in a policy, an insured is under a duty to notify its insurer of a claim or suit received by the Secretary of State of which the insured does not have actual knowledge; (5) Defendant CNA has repeatedly used and could have issued to Nouveau a policy which includes language similar to that contained in the *26 Warren* case, but without any explanation, it chose not to do so. CNA has used exactly such a policy form in other jurisdictions, and the form is approved for use in New York; and (6) Defendant CNA's attempt to read into the Nouveau Policy non-existent terms, by claiming that the ambiguous notice provision in the Policy incorporates constructive notice and arguing that the "representative," language upon which the *26 Warren* court based its decision was merely surplusage, is unsupported by any authority or logic.

Defendant CNA has merely restated in slightly different form the selfsame arguments this Court has already rejected. As such, its motion to reconsider/reargue must fail.

120789

## POINT I

## DEFENDANT CNA HAS FAILED TO MEET THE STANDARD FOR A MOTION FOR RECONSIDERATION

"The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Martens v. Smith Barney, Inc.*, 131 Fed. Appx. 329, 330 (2nd Cir. 2005), *quoting Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir.1995); *see also Brophy v. Northrop Grumman Corp.*, 55 Fed. Appx. 590, 593 (2nd Cir. 2003) (denying motion to reconsider, as plaintiff failed to identify any legal or factual matters that the court had overlooked in granting the defendant's motion for summary judgment – but, instead repeated precisely the same argument he had made in opposition to defendant's motion for summary judgment).

Similarly, the standard for granting a motion for reargument is strict "in order to dissuade repetitive arguments on issues that have already been considered fully by the Court" *Newspaper & Mail Deliverer's Union of N.Y. and Vicinity v. United Magazine Co.*, 829 F.Supp. 561, 563 (E.D.N.Y. 1993), *quoting Caleb & Co. v. E.I. DuPont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y. 1985); *see also Park South Tenants Corp. v. 200 Central Park South Assocs.,* 754 F.Supp. 352, 354 (S.D.N.Y.), *aff'd,* 941 F.2d 112 (2nd Cir.1991). Granting such a motion means that a court must find that it overlooked "matters of controlling decisions" which, if it had considered such issues, would have "altered the result reached by the Court" *United Magazine Co.*, 829 F.Supp. at 563, *quoting Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.1990); *see also Adams v. United States,* 686 F.Supp. 417, 418 (S.D.N.Y.1988).

As set forth below, Defendant CNA has failed to set forth any controlling decisions or facts that the Court overlooked in its Memorandum and Order. Defendant CNA's motion is nothing more than a re-cast of arguments that it previously made in support of its motion for summary judgment -- which the Court rejected. Accordingly, the Court should deny Defendant's motion to reconsider/reargue.

## POINT II

### THE COURT PROPERLY FOUND THAT PLAINTIFF NOUVEAU WAS NOT UNDER A DUTY TO NOTIFY DEFENDANT CNA OF THE UNDERLYING ACTION, BECAUSE IT DID NOT HAVE ACTUAL NOTICE OF THE ACTION

The notice provision in the Policy[1] merely required Plaintiff Nouveau to give Defendant CNA notice of a claim or suit, as soon as practicable. This simply means that Plaintiff Nouveau needed to give Defendant CNA notice, "within a reasonable time under all the circumstances." *Security Mutual Ins. Co. of N.Y. v. Acker-Fitzsimmons Corp.*, 31 N.Y.2d 436, 340 N.Y.S.2d 902 (1972). The Policy does not specifically state when Plaintiff is required to notify Defendant CNA of a claim or suit. Thus, it is neither practicable, nor reasonable to impose a duty upon Plaintiff Nouveau to notify Defendant CNA of a claim or suit, about which it has no actual knowledge.

A court must give an unambiguous provision of an insurance contract its plain and ordinary meaning. *Sanabria v. American Home Assurance Co.*, 68 N.Y.2d 866, 868, 508 N.Y.S.2d 416 (1986). As this Court stated, the "language of a contract or an insurance policy is unambiguous if it has a "definite and precise meaning, unattended by danger of misconception in the purport of the policy itself, and concerning which there is no reasonable basis for a difference of opinion." Memorandum and Order at P. 4, *quoting Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d

---

[1] All capitalized terms herein have the same meaning as those in Plaintiff's Motion for Summary Judgment.

351, 355 (1978). Here, there is no language in the Policy or the notice provision which creates a duty upon Plaintiff Nouveau to notify Defendant CNA, in the event that the Secretary of State receives notice of a claim or suit of which Nouveau had no actual knowledge.

The Policy clearly does not require Plaintiff to notify Defendant CNA of a claim or suit about which it only has constructive notice. Unlike *Hovedestad v. Interboro Mutual Indemnity Ins. Co.*, 135 A.D.2d 783, 522 N.Y.S.2d 895 (App. Div. 2nd Dep't. 1987), which held that "the notice provisions . . . have a definite and precise meaning, devoid of ambiguity and unattended by danger of misconception in the purport of the policy itself," the meaning Defendant CNA seeks to attribute to the notice provision is anything but definite and precise, in light of the actual language contained in the Policy. Thus, the Court found:

> [T]he plain language of the policy is ambiguous. Although the policy instructs the insured to provide notice of any claim or suit as soon as practicable," it contains no indication as to when this duty is triggered. (See Wetzel Decl. Ex. A, Sec. IV(2)). Similarly although the policy demands that the insured "immediately forward copies of any papers received" in connection with any claim or lawsuit filed against the insured, it contains no indication of whether the duty is triggered when it is actually received by the corporation, or constructively received by the corporation through the Secretary of State as its agent for service of process. (*See id.*). The Court finds that the plain terms of the policy are reasonably susceptible to multiple interpretations, supporting either actual or constructive notice as a triggering event to the notice of claim provision.

Memorandum and Order at P. 6.

Where a policy is ambiguous, the Court may "look to any extrinsic evidence to ascertain the meaning intended by the parties." Memorandum and Order, P. 8. Here, however, "the record before the Court does not contain a scintilla of extrinsic evidence regarding the intent of the parties." Memorandum and Order, P. 8. Thus, the Court is required to construe the Policy against the insurer. *Morgan Stanley Group, Inc. v. New England Ins. Co.*, 225 F.3d 270, 279 (2nd Cir. 2000), *McCarthy v. Am Int'l. Group, Inc.*, 283 F.2d 121, 124 (2nd Cir. 2002) ("New York

120789                                    4

follows the well established *contra proferentem* principle which requires that equivocal contract provisions are generally to be construed against the drafter"; *see also Hugo Boss Fashions, Inc. v. Federal Ins. Co.*, 252 F.3d 608, 615 (2nd Cir. 2001), *quoting Handelsman v. Sea Ins. Co.*, 85 N.Y.2d 96, 623 N.Y.S.2d 750 (1994): "If the facts alleged raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insured must defend." *A. Meyers & Sons Corp. v. Zurich Am. Ins. Group*, 74 N.Y.2d 298, 302, 546 N.Y.S.2d 818, 820 (1989).

In properly construing the Policy against Defendant CNA, this Court wrote: "Since it is undisputed that Nouveau did not obtain actual notice of the Douglas action from the May 18, 2001 mailing of the Summons and Complaint to the Secretary of State, the Court holds that it was insufficient to trigger Nouveau's duty to notify CNA under the terms of the policy." Memorandum and Order, P. 9.

## POINT III

### SERVICE UPON THE SECRETARY OF STATE DID NOT PUT PLAINTIFF NOUVEAU ON ACTUAL NOTICE OF THE UNDERLYING ACTION

Even if Plaintiff Nouveau received constructive notice of the pendency of the underlying action, Nouveau did not have a duty under the Policy's ambiguous notice provision to notify Defendant CNA of an action about which it had no actual knowledge. While delivery of process to the Secretary of State may constitute constructive notice to a corporation (organized under or licensed to do business pursuant to the laws of the State of New York), such delivery, in the absence of actual notice, does not create a duty upon an insured to notify its insurer, unless there is a specific contractual provision in the Policy creating a duty to notify upon constructive notice.

120789

5

As the Court has found, it is well-established that service upon the Secretary of State constitutes constructive rather than actual notice to a corporation. Pursuant to the New York statutory scheme, actual notice upon a corporation can only occur by personal service upon a general agent of the corporation, such as an officer or director.

As discussed in the Practice Commentaries to McKinney's CPLR 311, the statutory scheme recognizes the unique characteristics of officers and directors and other agents over whom a corporation has control:

> CPLR 311(a)(1)'s list of representatives to whom delivery may be made on behalf of a corporate defendant is straightforward in most respects. The listed persons are, by virtue of their position in the corporation, likely to have the necessary judgment and discretion to insure that process is ultimately received by those officials within the corporation who will protect the company's interests. The list includes any director or officer (president, vice-president, corporate secretary, etc.).

McKinney's CPLR 311, Practice Commentaries, C311:1.

CNA's attempt to conflate actual notice upon a general agent with constructive notice by service on the Secretary of State is therefore unsupported and unsupportable. Indeed, it defies logic to characterize service upon a limited agent who thereafter places the process in the mail as actual notice to the corporation. This is why there is not a single reported which holds that, in the absence of specific language in a policy, an insured is under a duty to notify its insurer of a claim or suit of which it has no actual knowledge, merely because process was received by the Secretary of State. This is also why the New York State Legislature and courts have afforded relief from default to a party who has not <u>actually received</u> process served on the Secretary of State. CPLR 317; *see also Colonial Sand & Stone Co., Inc .v Enrico & Sons Contractors, Inc.*, 66 A.D.2d 705, 411 N.Y.S.2d 244 (App. Div. 1st Dep't. 1978) (noting that, if defendant, who had been served through the Secretary of State, and had defaulted, proffered a meritorious defense, there would be a basis for vacating the default judgment). Indeed, as this Court itself noted,

120789

6

CPLR 317 requires no showing of excuse, only that process was not actually received. (Memorandum and Order, p. 7). As this Court found (Memorandum and Order, p. 7):

> Under [CPLR] § 317, excuse is not an element, and it is well-settled that, if the other requirements of the provision are met, a default judgment may be vacated notwithstanding the reason that the corporation did not received actual notice is the fact that the corporation failed to maintain an updated address with the Secretary of State. *Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., Inc.*, 67 N.Y.2d 138, 142 (1986) ("[C]orporate defendants served under Business Corporation Law § 306 have frequently obtained relief from default judgments [pursuant to N.Y.C.P.L.R. § 317] where they had a wrong address on file with the Secretary of State, and consequently, did not receive actual notice of the action in time to defend.") (collecting cases); *see also Calderon v. 163 Ocean Tenants Corp.*, 27 A.D.3d 410, 410-11 (2d Dep't 2006) (vacating default under § 317 where corporate defendant did not receive actual notice of suit because it was only served on Secretary of State and evidence demonstrated that corporation did not otherwise receive actual notice of the suit); *cf. Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 1 A.D.3d 264, 265 (1st Dep't 2003) (implying that insured could overcome failure to comply with policy's notice provision by demonstrating no actual notice, despite service on Secretary of State), *aff'd* 4 N.Y.3D 332 (2005).

As the Court correctly found, and as further discussed in Point IV, *infra*, CNA's ambiguous policy provision must be construed to require actual and not constructive notice to the insured. Thus, CNA's citation to cases which support the general proposition that notice to an agent is notice to the corporation are beside the point. Notice to an agent may constitute constructive or actual notice depending on the nature of the agency and provisions of applicable law. Here, where the nature of the agency is limited and the statutory scheme and New York caselaw make it clear that service on the Secretary of State constitutes constructive notice, such constructive notice does not give rise to a duty to notify the insurer under CNA's ambiguous policy provision.

Indeed, none of the cases cited by Defendant has anything to do with service upon the Secretary of State or the interpretation of a notice provision in an insurance contract. Instead, those cases merely hold that notice to an officer or president or manager of a corporation

120789

7

constitutes actual notice to the corporation or do not even discuss whether notice was actual or constructive.[2] Defendant CNA does not and cannot cite one authority which holds that service of process upon the Secretary of State constitutes actual notice to a corporation organized under, or licensed to do business pursuant, to the laws of the State of New York.

Defendant CNA's assertion that, "Under the Court's analysis, if the underlying plaintiff's counsel caused the summons and complaint to be personally delivered to the President of Nouveau, and he then threw it away without telling anyone or retaining counsel, Nouveau could argue successfully that this was only constructive notice and that its failure to notify the insurance carrier should be excused," is not only unsupported by the evidence, but also illogical and disingenuous. There is no evidence that Plaintiff Nouveau intentionally, willfully, or recklessly sought to be ignorant of process served upon it through the Secretary of State. More importantly, an insured, like Plaintiff Nouveau, which has paid its premiums, would have absolutely no reason to avoid knowledge of service -- with the risk of a disclaimer, and a judgment -- when it could simply turn the claim over to its insurer for defense. But, in any event, unlike service through the Secretary of State, under the statutory scheme, personal service upon a first-party agent of Nouveau, such as its President, would trump any argument that Plaintiff Nouveau did not have actual notice of the action.

---

[2] CNA cites *N.Y. Mar. & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 122) (2nd Cir. 2001) (knowledge of insurance company's policy-selling agent is imputed to insurance company); *Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 784 (N.Y. 1985) (director's knowledge imputed to corporation); *Marion Realty & Inv. Co. v. Sam Frey Sewing Machine Co.*, 1999 Misc. 1082, 1083-84 (Sup. Ct. N.Y. Co. 1951) (notice to the president of a corporation constituted actual notice to the corporation); *Port Jervis v. First Nat'l Bank*, 96 N.Y. 550, 559 (N.Y. 1884) (holding that notice to the president of a bank constitutes notice to the bank); *George v. Cypress Hills Cemetery*, 32 A.D. 281, 310 (App. Div. 2nd Dep't. 1898) (dissenting opinion holding that notice to superintendent of corporation constituted actual notice to the corporation); *Phila. Indem. Ins. Co. v. Fed. Ins. Co.*, 143 Appx. 419, 422 (3d Cir. 2005) (holding that notice to a claims officer of a corporation, as well as the corporation's in-house counsel constituted actual notice to the corporation); *Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1237 (7th Cir. 1990) (holding that corporation's registered agent's [appointed by and under the control of the corporation] receipt of process constituted actual notice to the corporation). *Riss & Co. v. United States*, 262 F.2d 245, 250 (8th Cir. 1958) has nothing to do with this case but rather concerns the standard for determining willfulness in the violation of federal criminal statutes. *Reed v. Munn*, 148 F. 737 (8th Cir. 1906) merely held that notice to a serving director of the corporation was notice to the corporation.

## POINT IV

### DEFENDANT CNA CHOSE NOT TO USE A NOTICE PROVISION WHICH WOULD HAVE IMPOSED A DUTY UPON PLAINTIFF TO NOTIFY IT IN THE EVENT THAT THE SECRETARY OF STATE RECEIVED PROCESS ON BEHALF OF NOUVEAU

Defendant CNA argues that the term "notice" encompasses both "actual notice" as well as "constructive notice." This argument mirrors Defendant CNA's prior losing argument that the "representative" language in its policies is "surplusage." For years Defendant CNA has been using policies which specifically include the "representative" language found in *26 Warren Corp. v. Aetna Cas. & Sur. Co.*, 253 A.D.2d 375, 676 N.Y.S.2d 173 (1st Dep't. 1998).[3] In reaching its decision that the term "representative," but not "insured" refers to the Secretary of State, the *26 Warren* court clearly drew a distinction between actual notice and constructive notice, by holding that only a specific policy provision could render service upon the Secretary of State to constitute actual notice to a corporation.

Defendant CNA asks too much when it requests that this Court believe that a major national insurance company has inserted "surplus" language into a policy form that has been reviewed and refined by a battery of its own lawyers over many years, as well as the Insurance Departments of numerous states. It simply is not believable.

---

[3] *See eg. Century Indemnity Company v. Aero-Motive Company*, 336 F.Supp.2d 739, 755 (W.D. Mich. 2004) (discussing notice provision in Continental Insurance's general liability policy, which states: "If a claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."); *Maryland Casualty Company v. Wausau Chem. Corp.*, 809 F.Supp. 680 (W.D. Wis. 1992) (discussing notice provision in Continental Insurance Company's policy, which states: "If a claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."); *New Castle Cty. v. Hartford Accident and Indemnity Company*, 685 F.Supp. 1321, 1330, 1334 (D. Del. 1988) (discussing notice provision in CNA policy, which states: "If a claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."); *Eastern Products Corp. v. CNA Insurance Companies*, 2000 WL 322633 *3 (Mass. Super. 2000) (discussing notice provision in CNA policy, which states: "If claim is made or suit is brought against the insured, the insured shall immediately forward to [Maryland Casualty Company] every demand, notice, summon or other process received by him or his representative.").

Defendant CNA admits using policies with the "representative" language -- which creates a duty upon constructive knowledge by the insured -- but offers no explanation of: (1) why policy forms with such language exist; or (2) why (after having used the form in the past) it chose not to use such a form if it truly intended to create a duty upon Plaintiff Nouveau to notify Defendant CNA in the event that Plaintiff Nouveau received constructive notice through the Secretary of State of the pendency of an action against it. Defendant CNA knows how to write and how to choose the policies it offers. If it intended to create a duty upon Plaintiff Nouveau to notify CNA—simply by virtue of constructive notice as a result delivery of process to the Secretary of State—it knew how to do so. Thus, the Court must treat Defendant CNA's decision as a conscious and reasoned one.

### POINT V

### NOTICE TO PLAINTIFF'S ATTORNEY IN THE LANCLOS CASE DID NOT CREATE A DUTY UPON PLAINTIFF NOUVEAU TO NOTIFY DEFENDANT CNA

Having failed to set forth a sufficient basis to require Plaintiff Nouveau to notify it of the pendency of the underlying action as a result of service upon the Secretary of State, Defendant CNA now contends that the alleged knowledge of Plaintiff Nouveau's CNA-appointed attorney in the *Lanclos* action of the pendency of the *Douglas* action constituted notice to Nouveau. It is apparent that any knowledge such attorney may have had does not bind Plaintiff Nouveau. Indeed, as Plaintiff's outside attorney (hired by Defendant CNA), he was neither Plaintiff Nouveau's general agent, nor under the complete control of Plaintiff Nouveau. As such, notice to such attorney would at best be constructive notice to Nouveau which, under CNA's ambiguous

notice provision, cannot give rise to a duty in Plaintiff Nouveau.[4]  Just as Plaintiff Nouveau's constructive knowledge arising from the Secretary of State's receipt of process is inadequate to create a duty upon Plaintiff Nouveau to notify Defendant CNA of the pendency of an action, so too is any constructive notice which may have arisen because of its *Lanclos* CNA-appointed attorney's knowledge of the underlying *Douglas* action.

Defendant CNA cannot obtain by imputation through its own appointed counsel what it could not obtain by reason of service upon the Secretary of State.

### POINT VI

### PLAINTIFF NOUVEAU IS ENTITLED TO A HEARING ON DAMAGES

Defendant CNA concedes that Mr. Sorid did not provide Plaintiff Nouveau with notice of the *Douglas* action. CNA states that, if the Court denies Defendant CNA's instant motion, Defendant CNA waives its right to a trial of this issue, and asks that the Court enter a final judgment. Plaintiff Nouveau joins in the request for a final judgment, after entry of an order directing CNA to appear, defend and indemnify with respect to the *Douglas* action, and after a hearing to determine and reduce to judgment Nouveau's claim for money damages.

---

[4] CNA does not contend, and there is of course no evidence, that the CNA-appointed attorney notified Nouveau of the *Douglas* action. Moreover, CNA does not and cannot contend that the CNA-appointed attorney in the *Lanclos* case was a general agent under the statutory scheme. As only actual notice is relevant, CNA's new found argument is a red herring.

120789                                    11

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant CNA's motion to reconsider/reargue the Court's Memorandum and Order, dated June 21, 2006, enter an order directing CNA to appear, defend and indemnify with respect to the *Douglas* action, and set this matter down for a hearing to determine Nouveau's money damages, and grant such other and further relief as the Court deems just and reasonable.

Dated: New York, New York
 September 25, 2006

> SALON MARROW DYCKMAN
> NEWMAN & BROUDY, LLP
>
> By John Paul Fulco, P.C.
>
> By: _____
> John Paul Fulco (JF -2168)
> Daniel I. Goldberg (DG-5745)
> Attorneys for Plaintiff
> Nouveau Elevator Industries, Inc.
> 292 Madison Avenue
> New York, New York 10017
> Telephone: (212) 661-7100
> Facsimile: (212) 661-3339

120789

12